UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH LANE,

        Plaintiff,

v.

CONNIE WHIPPLE, *et al.*,

        Defendants.
_____/

Civil Action No.: 20-13444
Honorable Nancy G. Edmunds
Magistrate Judge Elizabeth A. Stafford

**CORRECTED REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [ECF NO. 18]**

**I.**    **Introduction**

Plaintiff Keith Lane, a prisoner proceeding pro se, sues defendants Connie Whipple, Natalya Stokely-Hamdan, and Serena Landfair in their individual and official capacities under 42 U.S.C. § 1983. ECF No. 1.[1] Lane alleges that he has been denied adequate medical treatment while housed in the Michigan Department of Corrections (MDOC). *Id*. He says that he went to the Henry Ford Allegiance emergency room in January 2020 because of a concern that he was having a stroke. *Id.*, PageID.22.

---

[1] The Honorable Nancy G. Edmunds referred this case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b). ECF No. 15.

Lane was "discharged to outpatient follow-up with primary care and neurology," and instructed to "return for new or worsening symptoms." *Id.*, PageID.23, 78.  But MDOC medical reviewers have rejected his requests to be sent for a neurological follow-up, reasoning that there was not enough evidence that a neurology consultant was medically necessary. *Id.*, PageID.23-25, 33, 83, 86.

Lane now moves for a preliminary injunction to require defendants to provide him with a neurological examination.  ECF No. 18.  Defendants responded and Lane replied.  ECF No. 19; ECF No. 26.[2]  The Court finds that the motion should be denied.

## II.   Analysis

Preliminary injunctive relief under Federal Rule of Civil Procedure 65 is an "extraordinary remedy."  *Patio Enclosures, Inc. v. Herbst*, 39 F. App'x 964, 967 (6th Cir. 2002).  To decide whether an injunction is warranted, the Court must consider four factors: (1) whether the plaintiff has a strong likelihood of success on the merits; (2) whether the plaintiff would suffer irreparable harm without the requested relief; (3) whether issuance of the temporary restraining order or preliminary injunction would cause

---

[2] The original report and recommendation mistakenly said that defendants had not responded to Lane's motion.

substantial harm to others; and (4) whether the requested relief would serve the public interest. *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005). A plaintiff bears to burden of showing that these factors warrant injunctive relief even if he is a prisoner alleging serious or life-threatening health risks. *Rhinehart v. Scutt*, 509 F. App'x 510, 513 (6th Cir. 2013). And "the proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000); *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012).

### 1.   *Likelihood of Success on the Merits*

"[A] finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

For an inmate to succeed on a claim of deliberate indifference to a serious medical need, he must establish both objective and subjective components. *Rhinehart v. Scutt*, 894 F.3d 721, 737-38 (6th Cir. 2018). The objective component "requires a showing of care so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id.* (internal citations and quotation marks omitted). The claim of inadequate treatment and its detrimental

effect must be supported with verifying medical evidence. *Id.* An inmate's desire for additional or different treatment does not suffice; he must offer medical evidence to show the medical necessity for the desired treatment. *Anthony v. Swanson*, 701 F. App'x 460, 464 (6th Cir. 2017).

Lane includes no medical records to support his motion, but he does attach records to his complaint. ECF No. 1, PageID.77-86. Those records corroborate that some doctors have recommended that he be seen by a neurologist but that MDOC reviewers concluded that Lane's headaches could be managed by onsite providers. *Id.*, PageID.81-86. This "disagreement over the wisdom or correctness of a medical judgment is [not] sufficient for the purpose of a deliberate indifference claim." *Rhinehart,* 509 F. App'x at 513. In the second appeal in *Rhinehart*, the court explained that MDOC had rejected the recommendations of a gastroenterologist and a hospitalist to have the plaintiff see specialists and be transferred to a tertiary center for a "gold standard" procedure. 894 F.3d at 730-733. The Sixth Circuit upheld the decision granting summary judgment in favor of the defendants because the plaintiff had no "expert medical testimony" to show that more aggressive treatment was necessary. *Id*. at 741.

4

The Court does not question Lane's assertion that he is "experiencing continued pain," but he does not present expert medical evidence that a neurology consult is needed.  ECF No. 18, PageID.164-165.  Claims of deliberate indifference to medical needs are hard to prove, *Rhinehart*, 509 F. App'x at 513, and Lane has not satisfied his heavy burden of showing a strong likelihood of success on the merits.

### 2.     *Irreparable Injury*

Lane also fails to satisfy the irreparable injury factor.  "Although the four factors must be balanced, the demonstration of some irreparable injury is a *sine qua non* for issuance of an injunction." *Patio Enclosures, Inc. v. Herbst*, 39 F. App'x 964, 967 (6th Cir. 2002).  The irreparable injury alleged must be "both certain and immediate, rather than speculative or theoretical."  *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir.1991).

Lane says that he suffers

> continued pain in [his] head, chest arm and neck with stiffness of the neck, tingling of lips, face, and arms, ringing in ears, blurred and fuzzy vision, troubles walking due to being dizzy and unbalanced, fatigue, nausea, troubles urinating [with] constipation, troubles breathing/ shortness of breath even more so when laying down and lips, fingers, toes and other body parts turn bluish purple at times, heart palpitations and blood pressure that fluctuates from normal to high.

ECF No. 18, PageID.164.  He fears a "possible fatal ending."  *Id*. at 165.  But he provides no expert medical evidence that his current treatment is inadequate or that his condition is possibly fatal, and "the seriousness of his condition is not, without some constitutional deprivation, enough to show a harm that requires relief prior to the adjudication of his claims."  *Rhinehart*, 509 F. App'x at 514.

Because Lane has failed to show a strong likelihood of success on the merits or irreparable injury absent an injunction, analysis of the remaining factors—substantial harm to others and the public interest—is unnecessary.  His motion for preliminary injunction should be denied.

### III.    Conclusion

Lane's motion for preliminary injunctive relief, **ECF No. 18**, should be **DENIED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 6, 2021

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 6, 2021.

                                              s/Marlena Williams
                                              MARLENA WILLIAMS
                                                    Case Manager