UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH LANE,

    Plaintiff,

v.

CONNIE WHIPPLE, *et al.*,

    Defendants.

_____/

Case No. 20-13444

Honorable Nancy G. Edmunds

**ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S OCTOBER 6, 2021 CORRECTED REPORT AND RECOMMENDATION [28]**

This is a pro se prisoner civil rights lawsuit filed under 42 U.S.C. § 1983 by Plaintiff Keith Lane alleging he has been denied adequate medical care while in the custody of the Michigan Department of Corrections ("MDOC"). (ECF No. 1.) Plaintiff moves for a preliminary injunction requiring Defendants to provide him with a neurological examination. (ECF No. 18.) This case has been referred to Magistrate Judge Elizabeth A. Stafford for all pre-trial matters. (ECF No. 15.) Before the Court is the Magistrate Judge's October 6, 2021 corrected report and recommendation to deny Plaintiff's motion for a preliminary injunction.[1] (ECF No. 28.) Despite the Court extending the time to file objections to the report and recommendation, Plaintiff did not file timely objections.[2] "[T]he failure to object to the magistrate judge's report[] releases the Court from its duty

---

[1] The corrected report and recommendation supersedes the original report and recommendation issued by the Magistrate Judge one day earlier. (ECF No. 27.)

[2] As a general rule, a party has fourteen days to file objections to a report and recommendation. *See* 28 U.S.C. § 636(b)(1). Plaintiff moved for an extension of that 14 day period *by 180 days*. (ECF No. 30.) The Court granted his request for an extension in part and gave Plaintiff until November 22, 2021 to file his objections. Plaintiff's objections were not filed until one day later—on November 23, 2021.

1

to independently review the matter." *See Hall v. Rawal*, No. 09-10933, 2012 U.S. Dist. LEXIS 120541, at *2 (E.D. Mich. Aug. 24, 2012) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).  Nonetheless, the Court has considered Plaintiff's objections (ECF No. 33) and conducted a de novo review of the record.  The Court agrees with the Magistrate Judge.

Plaintiff has not met his heavy burden of showing a strong likelihood of success on the merits of his underlying deliberate indifference claim or irreparable injury absent an injunction.  Plaintiff notes in his objections that he has not been taken back to Henry Ford Hospital for a second time and that he has more than just headaches.  However, medical records indicate that MDOC reviewers evaluated Plaintiff, taking into account all of his symptoms, and concluded that his medical condition could be managed by onsite providers.  (*See, e.g.*, ECF No. 1, PageID.84-86.)  As the Magistrate Judge noted, "disagreement over the wisdom or correctness of a medical judgment is [not] sufficient for the purpose of a deliberate indifference claim." *See Rhinehart v. Scutt*, 509 F. App'x 510, 513 (6th Cir. 2013).  And while Plaintiff avers he has not been able to obtain expert medical testimony or given proper access to the law library, his pleadings demonstrate an ability to represent himself and the Court finds it has before it sufficient information to rule on his motion for the extraordinary remedy of a preliminary injunction.  For the foregoing reasons, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the corrected report and recommendation (ECF No. 28).  Accordingly, Plaintiff's motion for a preliminary injunction (ECF No. 18) is DENIED.

SO ORDERED.

                                             s/Nancy G. Edmunds
                                             Nancy G. Edmunds
                                             United States District Judge

Dated: December 6, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 6, 2021, by electronic and/or ordinary mail.

                                 <u>s/Lisa Bartlett</u>
                                 Case Manager