UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KEITH LANE,<br>    Plaintiff,<br><br>v.<br><br>CONNIE WHIPPLE, *et al.*<br>    Defendants. | Case No. 20-13444<br>Honorable Nancy G. Edmunds<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT LANDFAIR'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 22]**

**I.    Introduction**

Plaintiff Keith Lane, a prisoner proceeding *pro se* and *in forma pauperis*, sued prison officials Connie Whipple, Natalya Stokely-Hamdan, and Sirena Landfair, in their individual and official capacities under 42 U.S.C. § 1983.  ECF No. 1.  Lane alleges that he was denied adequate medical treatment while housed in the Michigan Department of Corrections (MDOC).  *Id*.  The Honorable Nancy G. Edmunds referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 15.

Defendant Landfair moves for summary judgment.  ECF No. 19.  The matter is fully briefed.  ECF No. 31; ECF No. 32.  Because Lane has failed

to exhaust his administrative remedies, the Court recommends that Landfair's motion for summary judgment be granted.

## II. Background

Lane is a state prisoner at the MDOC's G. Robert Cotton Correctional Facility (JCF).  ECF No. 1.  Lane claims that the JCF Health Unit Manager Sirena Landfair and healthcare providers Connie Whipple and Natalya Stokely-Hamadan were deliberately indifferent to his medical needs in violation of the Eighth and Fourteenth Amendments.  *Id.*, PageID.26-27, ¶¶ 23-29.  After concerns that he was having a stroke, Lane went to the emergency room but was "discharge[d] to outpatient follow-up with primary care and Neurology" with instructions to "return for new or worsening symptoms."  *Id.*, PageID.78.  Although Lane sent several medical requests to MDOC health care officials, the MDOC reviewers denied his requests for a neurological follow-up, reasoning that he did not show the "medical necessity" for consult.  *Id.*, PageID.83, 84, 86.  Lane then pursued four grievances through Step III of the MDOC grievance process.  ECF No. 22-3, PageID.190, 213-242; ECF No. 31, PageID.285.

Lane claims that, after Whipple acted as the first level reviewer of his August 2020 grievance, she "fraudulently acted as the second level reviewer and denied" his appeal.  ECF No. 1, PageID.25.  Lane's sole

factual claim against Landfair is that she "received the denial which clearly demonstrated Defendant Whipple acted as both first and second level reviewer yet failed/refused to report this fraud to a supervisor." *Id*.

### III. Analysis

### A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id*. at 324. The Court must view the factual evidence in the light

most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90, 93 (emphasis in original). A prisoner's grievance must give "prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006) (citation and internal quotation marks omitted).

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). A dismissal for failure to exhaust administrative remedies, even when decided on summary judgment, is without prejudice. *Boyd v. Corr. Corp. of America*, 380 F.3d 989, 994 (6th Cir. 2004).

4

**B.**

The MDOC Policy Directive 03.02.130 has a three-step procedure that prisoners must follow to complete the administrative review process and properly exhaust grievances.[1] A prisoner fails to properly exhaust his administrative remedies under the policy directive when he fails to "specify the names of each person from whom he seeks relief…." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017); ECF No. 22-2, PageID.207 ("Dates, times, places, and *names of all those involved in the issue being grieved are to be included*.") (emphasis added). Landfair argues that Lane failed to exhaust his remedies because he pursued four grievances through the third step, but none identified her or were directed at her in the first step. ECF No. 22, PageID.197; ECF No. 22-3, PageID.215-242. Lane does not dispute that he failed to name Landfair in the grievances, but he argues that summary judgment should be denied because Landfair signed the grievance responses. ECF No. 31, PageID.283-284. Lane's failure to

---

[1] Policy Directive 03.02.130, Michigan Department of Corrections (Mar. 18, 2019), https://www.michigan.gov/documents/corrections/03_02_130_649677_7.pdf.

file a grievance against Landfair is dispositive and summary judgment is proper.[2]

## IV. Conclusion

The Court **RECOMMENDS** that Landfair's motion for summary judgment, ECF No. 22, be **GRANTED**, and that Landfair be **DISMISSED WITHOUT PREJUDICE**.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: January 5, 2022

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are

---

[2] Landfair correctly asserts in her reply brief that Lane's allegations against her also fail under § 1983.  ECF No. 32.  The Court agrees.  *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that defendants' involvement in grievance denial did not amount to active unconstitutional behavior and thus failed to support § 1983 liability).  But the Court does not recommend dismissal on this basis because "a movant cannot raise new issues for the first time in a reply brief." *Malin v. JPMorgan*, 860 F. Supp. 2d 574, 577 (E.D. Tenn. 2012).

preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 5, 2022.

s/Marlena Williams<br>
MARLENA WILLIAMS<br>
Case Manager