UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH LANE,

    Plaintiff,                                       Case No. 20-13444

v.                                             Honorable Nancy G. Edmunds

CONNIE WHIPPLE, *et al.*,

    Defendants.

_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS [63]
AND AFFIRMING THE MAGISTRATE JUDGE'S ORDER [59]**

This is a pro se prisoner civil rights case. The matter is before the Court on Plaintiff's objections to an order issued by Magistrate Judge Elizabeth A. Stafford denying Plaintiff's motions about exhibits and extending the scheduling order. (ECF No. 63.) Being fully advised in the premises, having read the pleadings, and for the reasons below, the Court OVERRULES the objections and AFFIRMS the Magistrate Judge's order.

**I.**     **Standard of Review**

Under both 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), a district judge may reconsider any portion of a magistrate judge's non-dispositive pretrial order found to be "clearly erroneous or contrary to law." The clearly erroneous standard applies only to the magistrate judge's factual findings. *Visteon Global Techs., Inc. v. Garmin Int'l, Inc.*, 903 F. Supp. 2d 521, 524-25 (E.D. Mich. 2012) (internal quotations and citations omitted). A finding is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). If two or more permissible views of the evidence

1

exists, a magistrate judge's decision cannot be clearly erroneous. *See Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). The magistrate judge's legal conclusions are reviewed under the contrary to law standard. *Visteon Global Techs.*, 903 F. Supp. 2d at 524-25 (internal quotations and citations omitted). "A legal conclusion is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Robinson v. Allstate Ins. Co.*, No. 09-10341, 2011 U.S. Dist. LEXIS 81316, at *6 (E.D. Mich. July 26, 2011) (citation omitted). The Court must use independent judgment when reviewing a magistrate judge's legal conclusions. *Id.*

## II.     Analysis

Plaintiff had moved for enforcement of a previous court order directing the Clerk's office to provides copies of exhibits to Plaintiff. Plaintiff acknowledged that the Clerk's office had sent him copies of certain exhibits but complained that he had received many blank pages. In denying Plaintiff's request, the Magistrate Judge noted that "the probable reason" for the blank pages was that Plaintiff's original filing included those blank pages. Plaintiff now objects to this statement, attributing the blank pages to a Clerk's office error. But the Magistrate Judge did not base her denial of Plaintiff's motion only on this reason. Instead, she went on to note that litigants proceeding in forma pauperis are not entitled to free copies of court records. (*See* ECF No. 59, PageID.632-33 (citing cases)). Thus, regardless of why those blank pages exist, there is no error in the Magistrate Judge's ruling and Plaintiff's first objection is overruled.

Plaintiff had also moved for an extension of time to file an amended complaint and conduct discovery, but the Magistrate Judge denied this request. Plaintiff now objects, stating that his original complaint was flawed due to "a fellow prisoner's negligence" and

that he has since found an experienced "jail house legal writer" who can assist him in preparing an amended complaint.  He also reiterates his concern regarding not having received a copy of all of his exhibits.  But he is the one who had initially filed those exhibits with the Court and as noted above, litigants are not entitled to free copies of court records.  Also, Plaintiff has not pointed to any error in the Magistrate Judge's finding that reopening discovery and allowing the addition of new claims would substantially prejudice Defendants, who have already moved for summary judgment.  Thus, Plaintiff's second objection is also overruled.

### III.   Conclusion

For the foregoing reasons, Plaintiff's objections are OVERRULED, and the Magistrate Judge's order is AFFIRMED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 16, 2022


I hereby certify that a copy of the foregoing document was served upon counsel of record on August 16, 2022, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager